EMILY A. SCHUSTER, Appellant, *v.* HUGA SCHUSTER, Defendant. EDWARD W. COX, County Clerk of Queens County, Respondent.

Second Department, April 29, 1932.

*John P. Lamerdin*, for the appellant.

*William F. Halloran, Jr.*, for the respondent.

CARSWELL, J. Plaintiff brought an action for divorce against her husband. The husband did not interpose an answer. Plaintiff requested the clerk of the Supreme Court in Queens county to place the case upon the calendar for hearing as an uncontested divorce action. She submitted the original summons and complaint, with proof of service, affidavit of regularity and a note of issue for December 23, 1931. She did not tender the calendar fee of twenty dollars which the clerk insisted should be paid pursuant to subdivision 2 of section 1557-a of the Civil Practice Act (added by Laws of 1923, chap. 383, as amd. by Laws of 1927, chaps. 5, 592, and Laws of 1928, chap. 861). Plaintiff insists that since there had been a default in pleading, no basis existed for the exacting of a calendar fee for the trial of an issue of fact. She grounds this claim upon section 422 of the Civil Practice Act, which states when an issue of fact arises. That section concerns itself with issues of fact that arise as a result of pleading or lack of pleading in the course of an ordinary action. That section does not contain the exclusive means of determining when an issue of fact exists and requires a hearing or trial. When no answer has been interposed in a divorce action, an issue of fact exists perforce a statute. The issue is raised by section 1150 of the Civil Practice Act. That

section provides that before a plaintiff " is entitled to judgment " in an action for divorce, he " must nevertheless satisfactorily prove the material allegations of his complaint." This statutory provision reflects the public interest in the marital status. The State in a sense is a party to that status. The statute, in effect, is a denial of the allegation of misconduct in the complaint, on the part of the State, in the sense that it is such a party. To safeguard that interest the statute raises an issue of fact as effectively as any issue of fact is raised in an ordinary action by a pleading and the effect thereof under section 422 of the Civil Practice Act. This issue of fact thus raised by statute is on a parity with an issue of fact raised by a pleading so far as the need of a trial thereof is concerned.

Therefore, before the case could be placed upon the calendar for trial the clerk properly required that plaintiff comply with subdivision 2 of section 1557-a of the Civil Practice Act, by paying the calendar fee provided therein in order to get a trial by the Special Term of the issue of fact, a favorable decision upon which, following a hearing or trial, was a condition precedent to a judgment in her favor.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., KAPPER, HAGARTY and DAVIS, JJ., concur.

Order denying motion for an order requiring the county clerk of Queens county to place action on the calendar for the hearing of uncontested divorces without payment of a fee affirmed, with ten dollars costs and disbursements.