In the Matter of the Rehabilitation of BOND AND MORTGAGE GUARANTEE COMPANY. In the Matter of a Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises 654 to 662 Bay Ridge Avenue, Borough of Brooklyn, County of Kings, City and State of New York, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY, Guarantee No. 180,232. MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Appellant; JOHN N. HARMAN, Clerk of the County of Kings, Respondent; Committee for Promulgating Certificate Holders of Mortgage Investments Guaranteed by Guarantee No. 180,232.— Order denying motion to compel the clerk of the Additional Special Term to place the promulgated plan of reorganization on the calendar, without payment of fee, and order on reargument denying motion to vacate the original order and to direct the county clerk to repay the sum of twenty dollars note of issue fee, paid under protest, affirmed, with ten dollars costs and disbursements. In view of the emergent character of the legislation out of which this proceeding arises, an issue exists as to whether or not the plan is conscionable and consistent with public policy. The statute raises the issue of fact as to the sufficiency and fairness of the plan.* Section 416 of the Insurance Law was not intended to exempt the Mortgage Commission from the payment of fees due as a result of the submission of a plan of reorganization to the court for approval. The fact that the caption includes the expression " In the Matter of the Rehabilitation of Bond and Mortgage Guarantee Company," etc., does not change the situation; for, although the proceeding originates with the Mortgage Commission, the real party in interest is the committee of certificate holders. When a plan is once submitted, however, and fails of approval, it is not necessary to pay another note of issue fee for plans submitted with respect to the same underlying property sought to be reorganized. Young, Carswell, Davis, Adel and Taylor, JJ., concur.

In the Matter of the Application of CENTRAL HIGH SCHOOL DISTRICT No. 1 OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, and BOARD OF EDUCATION OF CENTRAL HIGH SCHOOL DISTRICT No. 1 OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, Respondents, for a Peremptory Order of Mandamus against UNION FREE SCHOOL DISTRICT No. 13 OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 13 OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, and WILLIAM B. MARTIN and Others, Constituting the Board of Education of Union Free School District No. 13 of the Town of Hempstead, Nassau County, New York, Appellants.— In a mandamus proceeding to compel payment by the appellants of the sum of $15,000 and interest alleged to be due to the petitioners for the balance of appellants' share of the cost of construction and maintenance of a central high school, the peremptory mandamus order is unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell and Johnston, JJ.; Lazansky, P. J., not voting.

* See Schackno Act (Laws of 1933, chap. 745), § 8, as amd. by Laws of 1935, chap. 588.— [REP.