In the Matter of the Rehabilitation of BOND AND MORTGAGE GUARANTEE COMPANY.

In the Matter of a Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Group of Three Mortgages Covering Various Properties Known as 1244, 1248 and 1250 East Eighty-ninth Street, Borough of Brooklyn, County of Kings, City and State of New York, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY, Guarantee No. 150,236.

(Plan No. 1892 — B & M 1451.)

MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Appellant; JOHN N. HARMAN, County Clerk of Kings County, Respondent.

Second Department, November 6, 1936.

*Louis Timberg* [*Maurice Finkelstein* and *Rubin Mazel* with him on the brief], for the appellant.

*Hector McG. Curren*, for the respondent.

JOHNSTON, J. On May 11, 1936, the Legislature amended chapter 19 of the Laws of 1935, known as the Mortgage Commission Act, by adding a new section, which reads:

" § 27-a. Exemption from filing fees. The Commission, or any subsidiary corporation or corporations owned and controlled by it, shall not be required to pay any fee to any public officer in connection with any action or proceeding to which the Commission or any of its subsidiaries is a party or for filing, recording, or in any manner authenticating any paper or instrument relating to any such action or proceeding." (Laws of 1936, chap. 514.)

Subsequently to the enactment of this statute the county clerk of Kings county refused to place the above-entitled plan on the calendar for hearing until the fee specified in section 1557-a, subdivision 2, of the Civil Practice Act, " For placing a cause on the Special Term calendar " was paid. The Mortgage Commission moved to compel him to do so. The learned Special Term held the statute unconstitutional and denied the application. The county clerk urges the statute does not apply to a plan for the readjustment of a mortgage because the Commission is not a party to it within the meaning of the statute. This contention is untenable. The statute was enacted for the express purpose of dispensing with the payment of all fees in connection with the approval or disapproval by the court of mortgage reorganizations which come under the jurisdiction of the Commission. While the Commission has no financial or beneficial interest in the plan, yet it is a party to this proceeding within the meaning of the statute. The plan was promulgated under chapter 745 of the Laws of 1933, as amended, and under chapter 19 of the Laws of 1935, as amended. Although it is promulgated by the certificate holders, it is prosecuted by and through the agency of the Commission, which was created for the purpose of aiding certificate holders by furnishing its facilities and services to them and by endeavoring to obtain concerted action on their part in the reorganization of mortgages.

The statutes referred to also provide that, upon the promulgation of a plan, the Commission, as successor to the rights, duties and powers of the Superintendent of Insurance, is required to obtain a list of the certificate holders and send to them, and all others interested, a copy of the plan; to retain a copy in its office and to keep it and all facts in connection therewith available to all interested parties; to prepare and mail a notice to all interested parties stating the time and the place where the court will pass upon the plan and hear objections thereto; and upon the return day to indicate to the court whether it approves or disapproves the plan.

In the light of the Commission's duties as thus defined, it cannot be said the Commission is not a party to the proceeding. While it may have no personal or financial interest, it stands as the representative of the certificate holders and is duty bound to protect their interests. When the Legislature enacted section 27-a, dispensing with the payment of fees " in connection with any action or proceeding to which the Commission or any of its subsidiaries is a party," it had in mind primarily proceedings such as the one involved in which the Commission, by virtue of the powers vested in it and the duties imposed upon it, was necessarily a party. To hold the statute is inapplicable to a plan of reorganization simply because the ultimate parties in interest are the certificate holders would be to defeat the very purpose the Legislature had in mind in enacting it. These views are not in conflict with our former decision in *Matter of Bond & Mortgage Guarantee Co.* (246 App. Div. 824), decided before the enactment of section 27-a. There we held the exemption prescribed by section 416 of the Insurance Law was confined to the acts and duties of the Superintendent of Insurance (or the Mortgage Commission, which succeeded to his rights), which are performed by him as the rehabilitator or liquidator of the insurer, and that the approval of a plan of reorganization of a mortgage, where the committee of certificate holders is the real party in interest, does not come within the scope of such duties.

The county clerk also contends that the statute is repugnant to article III, section 18, of the State Constitution, which, in part, provides the Legislature shall not pass a private or local bill " Granting to any private corporation, association or individual any exclusive privilege, immunity or franchise whatever." The county clerk may not be heard to question the constitutionality of the statute. It in no way affects his rights as county clerk. " The constitutional guaranty does not extend to the mere interest of an official, as such, who has not been deprived of his property without due process of law or denied the equal protection of the laws." (*Columbus & Greenville R. Co.* v. *Miller*, 283 U. S. 96.) The county clerk's duties remain unaltered. He merely is relieved from the incidental duty of collecting the prescribed fee for the performance of certain services. By following the statute he incurs no liability. He simply obeys the legislative mandate. Any person whose rights are not impaired or prejudiced by a statute is without right to question its constitutionality. " The courts will not listen to any objection that an act is unconstitutional unless the person raising the question has some property or other right which is necessarily involved in the determination and which will necessarily be affected thereby." (*Matter of Lent*, 47 App. Div. 349.) The county clerk has no

standing or right to question the constitutionality of the statute, since his interests are official, not personal, and his rights are neither impaired nor prejudiced.

The order should be reversed on the law, without costs, and the motion granted.

LAZANSKY, P. J., CARSWELL, DAVIS and ADEL, JJ., concur.

Order denying motion of the Mortgage Commission of the State of New York to compel the county clerk of Kings county to place the above-entitled plan of readjustment on the Special Term calendar without the payment of the fee specified in section 1557-a, subdivision 2, of the Civil Practice Act reversed on the law, without costs, and motion granted.