JAMES W. ANDREWS, as Trustee in Bankruptcy of the Estate of FRANK SHANNON, Bankrupt, Plaintiff, *v.* EMPIRE CITY RACING ASSOCIATION and Others, Defendants.

Supreme Court, Kings County, January 10, 1939.

*Horace Gray*, for the plaintiff.

*Davies, Auerbach & Cornell*, for the defendants.

STEINBRINK, J.   The defendants Empire City Racing Association and the executors of the estate of John G. Cavanagh, deceased, move for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.   The motion is properly directed to the complaint as amplified by the bill of particulars.   (*Richardson* v. *Gregory*, 219 App. Div. 211; affd., 245 N. Y. 540.)

The plaintiff, as trustee in bankruptcy of one Frank Shannon, sues to recover the sum of $13,770 alleged to have been received

by the defendants at various times between April 1, 1932, and December 1, 1936, to the use of the bankrupt. From the bill of particulars it appears that the bankrupt was a bookmaker and betting commissioner, operating as such at the Empire City race track of the defendant association during the racing seasons of 1932 to 1936, inclusive; that on each racing day during the seasons of 1934 to 1936, inclusive, the bankrupt paid to the defendant association various sums as gifts and admission fees; that such payments aggregating the sum of $13,770 were made while he was insolvent and were received by the defendant association in violation of article I, section 9, of the Constitution of the State of New York and sections 973 and 986 of the Penal Law as they existed prior to their amendment on April 18, 1934.

It is not alleged in the complaint that the payments were preferential within the meaning of the bankruptcy laws or that they were made in fraud of creditors within the meaning of the Debtor and Creditor Law of this State. As amplified by the bill of particulars, the complaint proceeds solely on the theory that there is a right of restitution by reason of the claim that the payments were received by the defendant association in violation of the Constitution and the provisions of the Penal Law above referred to. Plaintiff does not disclose in what respects the constitutional or statutory provisions have been violated. Since the bankrupt operated as a bookmaker at the track of the defendant association it is reasonable to infer that the payment of money here sought to be recovered was somehow connected or related to the consent of the defendant association to the bankrupt's bookmaking operations. The constitutional and statutory provisions in question, so far as they are pertinent, proscribe bookmaking, the proscription running against both the bookmaker and any person who knowingly permits his premises to be used or occupied for the purpose of bookmaking. (Penal Law, § 986.) Violation of the statute is declared to be a misdemeanor punishable by imprisonment in a penitentiary or county jail for a period not exceeding one year. On April 18, 1934, section 986 was amended by addition of the following sentence: " When an exclusive penalty is elsewhere provided by law for an act hereby prohibited, the permitting of the use of premises for the doing of the act in such case shall not be deemed to be a violation hereof, nor of section nine hundred and seventy-three of the Penal Law." (Laws of 1934, chap. 233.) By the same statute chapter 440 of the Laws of 1926 was amended by adding section 17. That section provides an exclusive penalty for bookmaking, namely, forfeiture of the value of any money or property deposited with the bookmaker for wager on horse racing, to be

recovered in a civil action by the person who deposits such money or property. As a result of this amending statute a race-track owner, on whose track bookmaking operations are conducted, is not guilty of violating either section 973 or section 986 of the Penal Law. Plaintiff contends, however, that the statute is void as unconstitutional. For a determination of this motion it is unnecessary to delve into the constitutional question. As noted above, the plaintiff seeks relief on the theory that the moneys were received by the defendant association as part of a criminal transaction. If the transaction was criminal the bankrupt was a party to the crime, for, under the Penal Law prior to the 1934 amendment, the bookmaker as well as the race-track owner was affected by the prohibitions of the statute. If there was any violation of the statute both were equally guilty. The parties being *in pari delicto*, the courts will not recognize transactions which rest upon illegal consideration and will not order restitution in so far as they have been performed. (*DiTomasso* v. *Lovero*, 250 App. Div. 206; affd., 276 N. Y. 551.)

Furthermore, the plaintiff cannot be heard to question the constitutionality of the amending statute, for neither he nor his bankrupt is a person whose rights have been prejudiced or impaired thereby. (*People* v. *Sanger*, 222 N. Y. 192; *Matter of Bond & Mortgage Guaranty Co.*, 249 App. Div. 25, at p. 27; affd., 274 N. Y. 598.) Far from prejudicing the bankrupt in his occupation as bookmaker, the statute has the effect of freeing him from criminal liability. If anything, his status has been improved.

The defendants' motion for judgment dismissing the complaint is granted. The decision of Mr. Justice DALY denying the defendants' motion for summary judgment is not inconsistent with the conclusion here reached. The only question before the court on the previous motion was whether there were factual issues to be tried. In his opinion Justice DALY was careful to state that the " purely legal questions which may be involved in this action are not presently before the court." The defendants, by their present motion, concede the truth of all of the facts pleaded in the complaint and ask for its dismissal as a matter of law.