MARY STREIT PRESTON, Plaintiff, *v.* LAWRENCE G. PRESTON, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 30, 1941

*Hartman, Sheridan & Tekulsky,* for the plaintiff.

*Benjamin F. Spellman,* for the defendant.

WATSON, J. In this action to recover moneys alleged to be due plaintiff as alimony for her support and maintenance under a judgment of divorce duly rendered in her favor, plaintiff seeks an examination before trial of the defendant on certain matters which she claims are material and necessary to establish her cause of action.

The defendant has cross-moved, under rule 112 of the Rules of Civil Practice, for a dismissal of plaintiff's complaint on the ground that it fails to state facts sufficient to constitute a cause of action and for summary judgment under rule 113 of the Rules of Civil Practice. The defendant's cross-motion will be considered first

for the reason that a disposition of that motion will determine the question as to whether the plaintiff is entitled to the relief sought by her on the original motion.

The verified complaint alleges the rendition and entry of the judgment of divorce in favor of the plaintiff by a Florida Circuit Court which had jurisdiction of the subject-matter and over the parties, both parties having duly appeared by attorneys. It alleges further the provisions of the judgment and failure of the defendant, since November 5, 1940, to pay alimony at the rate of $400 per month, as adjudged. A copy of the judgment is annexed to and made part of the complaint.

Defendant's answer, in substance, admits commencement of the divorce action, due appearance of the parties therein, rendition and entry of judgment in the form annexed to the complaint. It denies that by said judgment it was adjudged that the defendant pay to the plaintiff as alimony $400 per month in the installments set forth in the complaint and admits that since November 5, 1940, he has refused to make payments of alimony to plaintiff. Certain affirmative defenses are set up in the answer which need not be referred to or considered since defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice, must be treated merely as one attacking the sufficiency of the complaint and on such a motion defenses contained in the answer cannot be considered. The material facts set out in the complaint, therefore, are deemed admitted and taken as true and every legitimate inference to be drawn from the pleading must be resolved in its favor. (*Lipkind* v. *Ward*, 256 App. Div. 74; *Hurwitz* v. *Hurwitz*, 216 id. 362, 365; *Sweet* v. *Hollearn*, 141 Misc. 135; *Ryder* v. *Pyrke*, 130 id. 505.)

The judgment upon which this action is founded contains these scales of admeasurement of defendant's alimony obligation: $200 on or before the fifth of each and every month, and $200 on or before the twentieth of each and every month; twenty-two and one-half per cent of any future increase, if any, in salary received by defendant up to, but not in excess of aggregate yearly salary of $40,000, and should the salary of the defendant be reduced then to the extent of and during such reduction he shall have the right to withhold from the monthly payments of $400 and shall not be obligated to pay to plaintiff twenty-two and one-half per cent of the amount by which his salary is so reduced, provided, however, that at no time shall the payments to plaintiff, plus the insurance premiums to be paid by defendant be less than $2,000 per year. That should the compensation of the defendant for his services rendered change from its present basis of salary to

a commission or percentage basis, or should the defendant abandon his employment and engage in business of such nature that his income therefrom depends upon the profits thereof, then in determining the amount of money he shall pay to plaintiff the foregoing provisions shall be applied excepting that his net commissions or percentages received or his share of net profits of the business shall be considered in lieu of his salary; that is, his payments to plaintiff for insurance premiums for her account shall equal twenty-two and one-half per cent of such net commissions or percentages or share of net profits, provided they shall not be less than $2,000 or more than $9,000 (i. e., twenty-two and one-half per cent of $40,000) in any one year; and that the defendant keep his life insured for the benefit of the plaintiff in the aggregate sum of $41,000, payable to the plaintiff upon his death, and promptly pay the insurance premiums thereon as and when due from time to time.

" The parties to a cause for a divorce and for alimony are as much bound by a decree for both, which has been given by one of our State courts having jurisdiction of the subject-matter and over the parties, as the same parties would be if the decree had been given in the ecclesiastical court of England. The decree in both is a judgment of record, and will be received as such by other courts. And such a judgment or decree, rendered in any State of the United States, the court having jurisdiction, will be carried into judgment in any other State, to have there the same binding force that it has in the State in which it was originally given." (*Barber* v. *Barber*, 21 How 582, 591.) " But the judgment must, of course, possess those characteristics generally essential to actionability. In other words, it must, as in the case of domestic judgment, be definite, final and unconditional, capable of enforcement by final process, and valid in the sense of not being void for lack of jurisdiction." (Freeman on Judgments [5th ed.], §§ 1452, 1453, pp. 2987, 2988, citing cases.)

And in Restatement of the Law of Conflict of Laws (§ 436, p. 519) it is declared that " A valid foreign judgment for the payment of money will not be enforced unless the amount to be paid is fixed in the judgment, or has since become fixed under the law of the State which rendered it." A ruling to the same effect by our Court of Appeals is found in *Croker* v. *Croker* (252 N. Y. 24).

The judgment on which this action is brought lacks finality for it fails to direct the payment of a fixed sum, or a basis within the judgment on which to compute a specific amount of alimony without resort to evidentiary facts extraneous to the decree to find a medium by which to begin computation for fixation of defend-

ant's ultimate liability for all any for a given period. True it is that the judgment mentions a sum for which the defendant is liable to pay monthly to the plaintiff but the related matters in respect to alimony cannot be ignored since they are essential to the ascertainment of what is due or to become due under the decree. Thus, it is apparent that independent of the judgment, inquiry into the particular facts and circumstances existing at a particular time must be made and from the facts and circumstances ascertained determine which category of the judgment applies to the payment of a definite sum as alimony, since the judgment specifies different amounts under different circumstances as the basis for determining what the defendant shall pay as alimony. Furthermore, no mention is made in the judgment as to what is the amount of the insurance premiums which the defendant is obligated to pay on the amount of insurance stated in the judgment.

I conclude that the judgment which is sought to be enforced in this action, in so far as it purports to be a judgment for the payment of alimony to plaintiff, is not a final judgment which is capable of being enforced in this State and is, therefore, not entitled to full faith and credit by virtue of the provisions of the Constitution of the United States.

It is urged that the decision of Mr. Justice HAYES denying plaintiff's earlier motion for summary judgment was, in effect, a test of the sufficiency of plaintiff's verified pleading and that such decision, adverse to the plaintiff, is conclusive against defendant in his present application for relief under rule 112 of the Rules of Civil Practice  The only question before the court on the previous motion was whether there were factual issues to be tried. The defendant by his present motion, concedes the truth of all the facts pleaded in the complaint and asks for its dismissal as a matter of law. (*Andrews* v. *Empire City Racing Assn.*, 170 Misc. 338.)

The defendant's cross-motion for judgment on the pleadings, dismissing plaintiff's complaint under rule 112 of the Rules of Civil Practice for insufficiency, is granted. His further cross-motion for sumary judgment under rule 113 of the Rules of Civil Practice is denied. In view of the granting of defendant's cross-motion, as stated, plaintiff's motion for examination before trial of the defendant is denied.