HENRIETTA P. MESSING, Plaintiff, *v.* HERMAN MESSING, Defendant.

Supreme Court, Special Term, New York County, November 24, 1947.

*M. S. Brotman* for plaintiff.

*I. R. Markowitz* for defendant.

EDER, J.   Motion to strike out answer is granted.   The action is for divorce and the complaint sets forth all the essential allegations.   To this complaint the defendant served an answer reading as follows:

" Defendant, by Irving R. Markowitz, his attorney, in answer to the complaint of the plaintiff shows and alleges:

" 1. Admits paragraphs ' Second ', ' Third ' and ' Seventh ' of plaintiff's complaint.

" Wherefore defendant demands judgment dismissing the complaint and to such other and further relief as to this court may seem just and proper.

> IRVING R. MARKOWITZ
> Attorney for Defendant
> 364 West 23rd Street
> New York 11, N. Y."

Paragraph " Second " alleges the marriage of the parties; paragraph " Third " alleges the issue born of the marriage; paragraph " Seventh " alleges that no decree of divorce has been obtained by either party and that there is no action for divorce now pending between the parties.   The answer, by failure to deny, admits the other allegations of the complaint.

Section 261 of the Civil Practice Act, entitled " Contents of Answer ", provides:

" The answer of the defendant must contain:

" 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

" 2. A statement of any new matter constituting a defense or counterclaim."

Section 422 of the Civil Practice Act, entitled " When issue of fact arises ", provides:

" An issue of fact arises in either of the following cases:

" 1. Upon a denial, contained in the answer, of a material allegation of the complaint; or upon an allegation, contained in the answer, that the defendant has not sufficient knowledge or infor-

mation to form a belief with respect to a material allegation of the complaint.

" 2. Upon a similar denial or allegation, contained in the reply, with respect to a material allegation of the answer.

" 3. Upon a material allegation of new matter, contained in the answer, not requiring a reply.

" 4. Upon a material allegation of new matter, contained in the reply."

Since all the allegations contained in the answer admit all the allegations of the complaint and do not set up any new matter, no issue of fact arises under the answer served.

The motion is predicated upon rule 104 of the Rules of Civil Practice, to strike out the answer on the ground that it is frivolous. This rule, so far as here pertinent, provides:

" If an answer or reply be shám or frivolous the court may treat the pleading as a nullity and give judgment accordingly * * *."

A frivolous pleading is said to be such as is unimportant, on which no serious question of law or fact can arise (49 C. J., § 82, p. 83).

In *Mann* v. *Luke* (272 App. Div. 19), a pleading is said to be frivolous if the allegations thereof are so clearly and incontrovertibly void of significance in point of law as to indicate bad faith on the part of the pleader in alleging such matter.

The defendant, in opposition, argues that rule 104 is inapplicable to divorce actions, since the court cannot give judgment in such an action, without proof, and, further, that this cannot be done in this type of action because of section 1150 of the Civil Practice Act.

Section 1150, entitled " Proof in action for divorce ", so far as here relevant, provides: " If the answer in an action for divorce does not put in issue the allegation of adultery * * * the plaintiff before he is entitled to judgment must nevertheless satisfactorily prove the material allegations of his complaint and also, by his own testimony or otherwise, that there is no judgment or decree in any court of the state of competent jurisdiction against him in favor of the defendant for a divorce on the ground of adultery."

Defendant contends that section 422 is applicable to issues of fact that arise as a result of pleading or lack of pleading in the course of an ordinary action; that in a divorce action an issue of fact, despite failure to deny, exists perforce of the statute and *Schuster* v. *Schuster* (235 App. Div. 239) is cited in support of this contention. In that case, it was held, in construing sec-

tion 1150, that the statute, in effect, is a denial of the allegations of misconduct in the complaint "on the part of the State, in the sense that it is such a party."

That, I take to mean, is that the State is interested in preserving the marriage status and that to prevent collusive or fraudulent divorce it will not permit a divorce to be granted without formal proof of the mentioned requisites, despite no denial by the real defendant.

The issue which is raised under this provision, and which necessitates proof by the plaintiff, results from the fictional denials in the fictional answer of the State, and its fictional appearance as a party, and these fictional features are not applicable to the real defendant in the action.

I do not interpret the ruling in the *Schuster* case (*supra*) to mean that it permits such an "answer" as served by the real defendant to constitute it a "pleading" under that section. Such an "answer", served by a defendant, in a divorce action, seems to me to amount, in legal effect, to nothing more than a notice of appearance. An appearance may be made by a defendant by serving a formal notice of appearance or by service of a copy of an answer (Civ. Prac. Act, § 237).

Rule 104 provides that where a pleading is frivolous the court may treat it as a nullity and give judgment accordingly. Though the court may not grant a judgment of divorce on the pleadings, in my opinion this does not render the rule inapplicable to divorce actions. It is my view that a reasonable construction of the term "give judgment accordingly", authorizes the court, upon striking out the answer as frivolous, to direct that plaintiff thereupon proceed pursuant to the statute and rules in such case made and provided. Settle order.