■ DAISY BALAKA, Respondent, v. STORK RESTAURANT, INC., Doing Business as the STORK CLUB, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order denying a motion to dismiss the complaint for lack of prosecution. Order reversed, with $10 costs and disbursements, and motion granted, without costs, with leave to respondent, if so advised, to move to vacate the dismissal and to restore the case to the calendar upon papers showing that the cause of action asserted in the complaint is meritorious and giving an adequate excuse for the long delay in bringing the action to trial, particularly for the period since October 10, 1955. The action was marked off the calendar several times and later restored. On March 30, 1955 an order was entered granting appellant's motion for a prior and separate trial of the issue of release raised by the affirmative defense in the answer and the reply thereto. An appeal from that order was taken by the present respondent and, since that appeal was pending, the case was marked off the calendar by the respondent on April 11, 1955. That order was affirmed on October 10, 1955 (*Balaka* v. *Stork Restaurant,* 286 App. Div. 1018). The notice of motion to dismiss resulting in the order appealed from is dated September 14, 1956. One year after the case was last marked off the calendar, the cause of action was deemed abandoned and automatically dismissed, and the clerk had the duty to make the entry without any further order (Rules Civ. Prac., rule 302; Westchester County Supreme Court Rules, rule 3, subd. [h]; *Walsh* v. *Riley's Arrowhead Inn,* 2 A D 2d 714). The rules are automatic and self-executing (*Wheelock* v. *Wheelock,* 3 A D 2d 25). No cross motion to vacate the dismissal and to restore the case to the calendar was made. Respondent's contention that the calendar clerk's office took the position that the party seeking a prior and separate trial of an issue of fact, such as release, has the obligation to file an additional note of issue and to pay the fee therefor, is not disputed. The question of whether an additional note of issue and an additional fee are required to obtain the separate trial is not properly before this court for determination, in the absence of the calendar clerk and county clerk as parties and on this record and these briefs. (But see Civ. Prac. Act, § 1557-e, subd. I; Rules Civ. Prac., rule 150; *Goss* v. *Goss & Co.,* 126 App. Div. 748; *Wheat* v. *Van Dyne Oil Co.,* 177 Misc. 272.) Such question could have been determined by an appropriate motion or proceeding (*Matter of Bond & Mtge. Guar. Co.,* 246 App. Div. 824; *Matter of Bond & Mtge. Guar. Co.,* 249 App. Div. 25, affd. 274 N. Y. 598; *Schuster* v. *Schuster,* 235 App Div. 239). If it be assumed that the demand for an additional note of issue and fee was proper, respondent, not appellant, then had the obligation to comply with that demand. It is a plaintiff's obligation to prosecute an action with reasonable diligence and to explain or excuse an unreasonable delay. It is not a defendant's obligation to enforce prompt prosecution of a cause of action and to pay a calendar fee for the trial of a separate issue of fact such as that raised by an affirmative defense of release. When a separate trial of such an issue must be disposed of in favor of the plaintiff before he can obtain a trial of his cause of action, it is incumbent upon him to obtain a reasonably prompt trial of that issue of fact. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.