Howard T. Hogan, J.
This is an application to extend the tinm of each of 43 petitioners to “ bring to a hearing ” his respective special proceeding to review a tax assessment.
All of these proceedings were commenced on August 28, 1961, and were thereafter duly placed on the calendar of this court by filing and service of notes of issue and payment of the fee therefor on August 3, 1965, or within a four-year period after their commencement.
As is customary and indeed necessary in the orderly conduct of the court’s business, these cases are awaiting their turn to be reached for trial. The petitioner, of course, has absolutely no control over the calendar of the court and no one has suggested anything he might do, other than what he has already done, to “ bring the cause to trial.”
Nevertheless, the respondent county in the past has moved to dismiss such proceedings unless an order were obtained such as has been applied for herein, which is the reason for the present application. The claimed justification for this is section 718 of the Real Property Tax Law reading as follows: “ § 718. When proceeding deemed abandoned. Except in a city having a population of one million or more, unless the proceeding is brought to a hearing before the court or a justice thereof within four years from the date of the service of the petition and notice, the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period.”
It will be observed that there is no specific requirement here for filing a note of issue such as there is under section 714 dealing exclusively with large cities, and a plausible argument could therefore be made that these proceedings should come on for hearing on the return day, just as is the case under CPLR 403 *4 and CPLE 7804, the former dealing with special proceeding’s in general and the latter with review proceedings in particular.
Although the notice of a tax proceeding is made returnable in court, it has nevertheless been the practice in Nassau County for many years not to put these proceedings on any court calendar until a note of issue is filed and the fee paid.
Some justification for this practice is to be found in CPLE 8020 reading in relevant part as follows:
“ § 8020. County clerks as clerks of court. Whenever a county clerk renders a service in his capacity as clerk of the supreme or a county court, in an action pending in such court, he is entitled to the fees specified in this section, payable in advance.
“ (a) Placing cause on calendar. For placing a cause on a calendar for trial or inquest:
“ 1. in the counties within the city of New York, twenty-five dollars in the supreme court;
“ 2. in the counties of Nassau and Westchester, twenty dollars in the supreme court, and twelve dollars in the county court ’ ’.
The former section 1557 of the Civil Practice Act had a similar requirement, and it is not unprecedented to require payment of a note of issue fee for trial of an issue of fact, even though it may not conform to the common variety. (See Schuster v. Schuster, 235 App. Div. 239.)
The court order authorized in section 718 must be construed to refer to an order extending the time for a petitioner to put a case on the calendar, since this is the only sensible meaning to ascribe to the phrase “ brought to a hearing.” Thus it does not apply to persons situated as the petitioners herein. This is somewhat similar to the procedure under subdivision (2) of section 19 of the Lien Law which also authorizes a court order to extend the time of a party to do something in an area where he has power to act, viz., commence an action. It would be a strange law that would authorize extending a party’s time to do something which he has no power to do.
The respondent’s position in this matter is no different than it would be if it were to urge that all tort actions against it be dismissed for lack of prosecution, although duly noticed for trial, simply because they had not been reached for trial.
The court therefore denies the instant motion as unnecessary and rules that ex parte applications to dismiss these proceedings or ones similarly situated hereafter will not be entertained.
Short-form order signed.