## (November 26, 1957)

■ A. L. RUSSELL, INC., Respondent, v. CITY OF NEW YORK, Appellant and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. NEW ERA LITHOGRAPH COMPANY, INC,. Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. NEW ERA LETTER Co., INC., Respondent, et al., Plaintiffs, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. ADA LEWIS et al., as Executors and Trustees of HARRY J. LEWIS, Deceased, Respondents, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. BAR PRESS, INC., Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. WISDOM PRESS, INC., Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. O'SULLIVAN LINOTYPE COMPOSITION Co., INC., Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. GREENLEIGH PRINTING Co., INC., Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. AMERICAN MICA WORKS CORP., Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. THEODORE P. HARDING et al., Doing Business as HARDING & HARDING, Respondents, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. GENERAL PRINTED PRODUCTS CORP., Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant-Respondent. OLAF RAVNDAL, as Treasurer of American Express Company, Respondent, v. CITY OF NEW YORK, Appellant, and CAYUGA CONSTRUCTION CORPORATION, Appellant. NEW YORK TESTING LABORATORIES, INC., Respondent, v. CAYUGA CONSTRUCTION COR-

PORATION, Appellant.— Judgment and order awarding interest on the verdict, in each action, unanimously reversed and complaint in each action dismissed, with costs to the appellants. We would not agree with defendants' argument that they might with legal impunity heedlessly drain water from the subsoil supporting an adjoining building knowing that as a likely consequence the building would settle. We do agree with their contention, however, that the evidence fails to disclose that they knew or should have known of a danger to be anticipated, or that they were negligent in the conduct of the operation claimed to be the cause of the settlement of the building. In view of this disposition there is no occasion to pass on the other questions raised on this appeal. Settle order. Concur — Peck, P. J., Botein, Rabin, Valente and McNally, JJ.