■ JESSIE LUBIN, Respondent, v. COUNTRY TOWN COTTAGES, INC., Appellant.— AULISI, J. Appeal from an order of the Supreme Court, Sullivan County, dated February 13, 1964, which denied defendant's motion to dismiss the complaint for lack of prosecution, on condition that the plaintiff file a note of issue and pay costs to date both within 20 days. The action is to recover

damages for personal injuries sustained by the plaintiff in a fall on defendant's premises on March 30, 1960. It was commenced on May 14, 1960 and issue was joined on May 25, 1960, when the defendant served its answer and demand for a bill of particulars. Nothing further was done until August 16, 1963, when the defendant moved for a dismissal of the complaint because of the plaintiff's unreasonable neglect in prosecuting the action. The only explanation for the delay was "inadvertent and based upon the mistaken belief as to its status." We believe that this excuse for the more than three years' delay in serving the bill of particulars and bringing the case on for trial does not satisfy the requirements of CPLR 3216 and that the defendant's motion should have been granted unconditionally. (See *Sortino* v. *Fisher*, 20 A D 2d 25.) Order modified, so as to dismiss the complaint, and as so modified, affirmed, without costs. Herlihy, J. P., Reynolds and Taylor, JJ., concur; Hamm, J., dissents in the following memorandum: The majority's modification is not mandated by our recent decisions in *Wright* v. *Spring Lake Hotel* (20 A D 2d 936) and *Meyer* v. *A. P. Hotel Corp.* (20 A D 2d 936). In *Wright* the plaintiffs served no affidavit of merits and neither argued the appeal nor submitted a brief. In *Meyer* we cited *Wright* and stated no other ground for reversal. *Sortino* v. *Fisher* (20 A D 2d 25 [1st Dept.]) is at most authority by way of dictum as there was no sufficient affidavit of merits. In *Michel* v. *City of Troy* (279 App. Div. 837) we said: "The failure to serve the pleading over a long period is attributed by counsel to his own inadvertence. It is not attributable in any degree to the administratrix. It is the policy of the court to relieve a party for inadvertence of counsel unless prejudice to the other side is shown. The appellants show no such prejudice." We are departing from the liberal view there expressed and are now establishing the rule that an innocent plaintiff must be penalized for the inadvertence of counsel although the defendant neither offers proof of nor even claims prejudice. I would affirm the discretion of the learned Justice at Special Term.