■ PHILIP BAROUDI, Respondent, v. HOME INSURANCE COMPANY, Appellant. (And One Other Action.) — Order affirmed, without costs. No opinion. Herlihy, P. J., Aulisi, Staley, Jr., and Sweeney, JJ., concur. Reynolds, J., dissents and votes to modify in the following memorandum: In my opinion the opposing affidavit is inadequate to justify a two year and eight month delay of service of the complaint and a denial of appellants' motion to dismiss and, accordingly, such denial was an abuse of discretion. While all that CPLR 3012 (subd. [b]) requires to make this motion to dismiss is a failure to timely serve a complaint (cf. *Waldron* v. *Ward*, 24 A D 2d 470), a plaintiff opposing the motion bears a

heavy burden. The plaintiff must serve an affidavit in opposition stating a reasonable excuse for delay in serving the complaint and proof that his cause is meritorious (e.g., *Bandler* v. *Mayer Real Estate,* 31 A D 2d 897; *Wemple* v. *Cadoret,* 29 A D 2d 1033). Moreover, the affidavit must be made by " a person having knowledge of the facts" (*Houle* v. *Wilde,* 22 A D 2d 727). The instant opposing affidavit is clearly deficient in that not only is the attorney's illness not defined as to time and duration so as to explain the delay of two years and eight months in serving a complaint (*Valentin* v. *Ina Holding Corp.,* 20 A D 2d 525) but there is no statement as to the merits of the case except the attorney's conclusory hearsay declarations. Accordingly, I vote to modify the order of Special Term by striking the 20-day grace period granted to respondent in which to serve complaints and granting the motion to dismiss unconditionally.