■ JAMES CARRON et al., Appellants, v ARTHUR B. DE GRANPRE, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered June 9, 1976 in Clinton County, which granted a motion to dismiss plaintiff's medical malpractice action on account of the failure of the plaintiffs to serve their complaint. On May 31, 1972, the plaintiff, Beverly M. Carron, then 34 years of age, was hospitalized under the care and treatment of the defendant. Her condition was diagnosed as acute appendicitis and an appendectomy was performed by the defendant. Following her discharge, plaintiff states that she was readmitted to the hospital on two occasions suffering from postoperative peritonitis and an abdominal wall infection with separation of the abdominal wall; that she continued under the care and treatment of the defendant, and when she continued to suffer pain and discomfort she consulted another physician in December, 1972 who told her that she would require a complete hysterectomy, as a result of complications arising out of the appendectomy. Upon re-examination by the defendant, plaintiff asserts that he confirmed the fact that a complete hysterectomy was necessary, and on June 5, 1973 the operation was performed on her by another doctor. Following the hysterectomy plaintiff was hospitalized for psychiatric treatment in September, 1973, in November and December, 1974, and again in the latter part of 1975. Plaintiff first consulted her attorney in May, 1975 while still under psychiatric care and treatment. In order to prevent the time within which to commence a malpractice action from expiring, the attorney served a summons without a complaint on the defendant on May 30, 1975. On June 17, 1975, upon request of defendant's attorneys, plaintiff's attorney executed a stipulation extending their time to appear in the action until July 16, 1975. On July 14, 1975 defendant's attorneys served a demand for a complaint on plaintiff's attorney, and in April, 1976 defendant moved for dismissal of the action pursuant to CPLR 3012 (subd [b]) claiming unreasonable delay in serving the complaint. Special Term granted the motion, concluding that there was no competent proof establishing a meritorious cause of action, and that the factors alleged as the causes for the delay were insufficient to justify or excuse a delay of eight months in serving the complaint. The rule is well settled that, "Given delay, [plaintiff] has a double burden: to justify the delay and to lend credit to the proffered justification by establishing merit." *(Sortino v Fisher,* 20 AD2d 25, 32.)* It is clear that each part of this two-pronged requirement is not to be dealt with independently of the other, but should be considered each in the light of the other. The court further emphasized in *Sortino* that the "varying of the circumstances is too great", and that it did not mean "to

lay down rigid rules or particularize the circumstances controlling the determination of motions to dismiss" *(Sortino v Fisher, supra,* p 33). Before the drastic penalty of dismissal for failure to prosecute is imposed upon a plaintiff, a balanced consideration of all relevant factors is required. Where, as here, the action appears to have some merit despite the unsatisfactory affidavits submitted in opposition to the motion; the injuries are of a very serious and continuing nature; the delay was not inordinately protracted; the default was not willful or with any intention to abandon the action; and there is neither claim nor showing of any prejudice to the defendant, plaintiff should not be deprived of her day in court *(Batista v St. Luke's Hosp.,* 46 AD2d 806; *Neyra y Alba v Pelham Foods,* 46 AD2d 760; *Moran v Rynar,* 39 AD2d 718). This court affirmed, without opinion, a Special Term holding permitting a plaintiff to serve a complaint even though, as stated in the dissenting opinion, there was no justification for a delay of two years and eight months and the affidavit of merits contained only "conclusory hearsay declarations" *(Baroudi v Home Ins. Co.,* 37 AD2d 882, 883). While the plaintiff's affidavit is insufficient simply because it contains medical conclusions which cannot be attested to by her, in view of the circumstances alluded to above, justice requires that she be afforded a full opportunity to be heard before a determination is made as to the merits of her cause of action (cf. *Williams v Giattini,* 49 AD2d 337). Order modified, on the law and the facts, by striking the unconditional dismissal of the action, and substituting therefor a provision dismissing the action unless a complaint is served within 20 days after service of a copy of the order to be entered hereon, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.