■　　Louis V. Verre et al., Respondents, v Jose Rosas, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County, dated October 19, 1977, which, *inter alia,* denied his motion to dismiss the action for failure to serve a timely complaint pursuant to CPLR 3012 (subd [b]). Order reversed, on the law, without costs or disbursements, and motion granted. This personal injury action was commenced just one week before it would have been barred by the Statute of Limitations. Approximately three and

---

* Point "A" in the diagram is directly north of the accident scene. Reference to "Driver #1" signifies the Shulman automobile.

one-half months later, the defendant made a formal demand for the service of a complaint. Another 10 months elapsed before the defendant moved to dismiss the action pursuant to CPLR 3012 (subd [b]). In these circumstances, the delay was inordinate and cannot be condoned by the wholly inadequate excuse of law office failure (see *Simons v Sanford Plaza,* 44 AD2d 710). It was therefore an abuse of discretion to deny defendant's motion (cf. *Sortino v Fisher,* 20 AD2d 25). Martuscello, J. P., Latham, Damiani and Rabin, JJ., concur.