■ HELEN MONTEFERRANTE, Respondent, v NEW YORK CITY FIRE DE-PARTMENT et al., Defendants, and UNIFORMED FIREFIGHTERS ASSOCIATION, Appellant.—Order, Supreme Court, New York County, entered April 4, 1979, denying motion of defendant the Uniformed Firefighters Association to dismiss plaintiff's complaint against movant for failure to prosecute, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and the motion is granted, and the complaint dismissed, without costs. Plaintiff is the widow of a retired fireman who died on July 12, 1969. Her husband's retirement was effective as of July 1, 1969. Because he had not survived his retirement by 30 days, plaintiff, his widow, was not entitled to a pension. She brought this action in April, 1971 against New York City Fire Department, New York City Fire Department Pension Fund and against appellant the Uniformed Firefighters Association (UFA). After a long period of inactivity, examinations before trial of plaintiff and of appellant were finally held on January 20, 1976. In the meantime, on January 15, 1976, the other defendants, New York City Fire Department and New York City Fire Department Pension Fund had moved to dismiss the action against them. On July 7, 1976, summary judgment was granted dismissing the complaint as against those two defendants. That judgment was affirmed by this court and the Court of Appeals *(Monteferrante v New York City Fire Dept.,* 63 AD2d 576, affd 47 NY2d 737). On September 26, 1978, after the affirmance by this court, the present appellant UFA served a 90-day notice pursuant to CPLR 3216 (subd [b], par [3]) requiring plaintiff to serve and file a note of issue within 90 days, with notice that failure to comply with the demand would serve as basis for a motion by UFA to dismiss the action for unreasonably neglecting to proceed with the action. The 90 days expired on December 26, 1978. Instead of filing the note of issue, plaintiff on December 18, 1978 served a notice of motion for extension of the 90 days. This motion was made returnable on December 29, 1978, i.e.,

three days after the expiration of the 90 days. Special Term denied the motion by order entered January 15, 1979. On January 23, 1979, appellant UFA moved to dismiss the action on the ground that plaintiff had unreasonably neglected to proceed. Eight days after that motion, on January 31, 1979, and more than a month after the expiration of the 90 days, plaintiff served and filed a note of issue. Special Term thereupon denied the motion to dismiss. We reverse. This action relates to events that were already almost 10 years old at the time the motion was made; and the action had already been pending for almost eight years. Nothing had been done in this action so far as proceeding against UFA since the examinations in January, 1976, three years before the motions. In the face of all that, plaintiff, served with a 90-day notice, did not even bother to make a motion for extension returnable before the expiration of the 90 days, and did not serve a note of issue before the expiration of the 90 days. Filing a note of issue after the making of a proper motion to dismiss is not an excuse for the delay charged in a motion to dismiss. (Sortino v Fisher, 20 AD2d 25, 30.) Plaintiff says that the reason for the delay was the pendency of the appeal from the dismissal of the causes of actions against the city fire department and fire department pension fund. "Parallel litigation which should be determined before the instant action is prosecuted" (Sortino v Fisher, supra, p 31), has been recognized as an excuse for delay. But in the present case the issues in the causes of action against the city fire department and the pension fund were substantially different from those in the causes of action against the UFA. The claims against the city fire department and the pension fund were not litigation which should be determined before the claim against UFA was prosecuted. And there was no change in the status of the prosecution of the causes of action against the city fire department and the pension fund between the time of the service of the 90-day notice and the time plaintiff served a note of issue; plaintiff could just as well have served the note of issue before the expiration of the 90 days as after. More important, the delay in awaiting the determination of the appeals of the claims against the other defendants is a reflection of the relative lack of merit in the claim against UFA. As Justice Breitel observed in Sortino v Fisher (supra, p 28): "it is almost invariably true that neglected actions are of little or no merit." Plaintiff's more direct claims were against the pension fund, who would have to pay her a pension if she were entitled to it, and against the city fire department who plaintiff alleged had ordered decedent back to work when he was not physically fit, and both of whom had failed to advise him of the danger of delaying retirement in his grave condition. The claim against UFA is thus merely an effort to press a more remote claim after the more direct ones are dismissed, as they have been. It is clear from the record that UFA's representative pointed out to plaintiff the importance of prompt retirement for her husband; the claim of plaintiff against UFA for alleged negligence in failing to file the retirement application promptly is largely conclusory. In considering a motion to dismiss for plaintiff's unreasonable neglect to proceed, we must balance the unreasonableness of the delay with the degree of merit. (Sortino v Fisher, supra, p 28.) "The more slender the excuse for the delay, the greater the need to establish merit * * * The key, to repeat, is that the delayed action is an action suspect as to its merits. Hence, the need both to explain the delay and develop the merits." (Sortino v Fisher, supra, p 32.) Balancing the extreme delay in this case, the inadequacy of the excuse for the delay, and the weakness of the showing of merit to the action, the action should be dismissed. The simple sad fact is that under the statute governing the New York City Fire Department

Pension Fund, plaintiff and her husband did not qualify for a pension because her husband did not survive retirement by 30 days. Her efforts to collect from the city fire department and the pension fund on another theory have been held not to be valid. Her present effort to collect from a third party is based on an equally attenuated theory, and has not been prosecuted with even minimum diligence. Concur—Sullivan, J. P., Lupiano, Silverman and Bloom, JJ.