■ ANNA M. PENNISI, Respondent, v CITY OF NEW YORK, Respondent, and REALUX REALTY, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered February 11, 1980, granting appellant's motion to dismiss the action for failure to serve and file a note of issue within 90 days of demand unless the action is noticed for trial within 60 days after service of a copy of the order with notice of entry, unanimously reversed to the extent appealed from, on the law and the facts, and the motion to dismiss is granted unconditionally, without costs. Plaintiff brought

suit by summons dated June 5, 1976, for personal injuries sustained as a result of a fall on a public sidewalk on January 6, 1976, alleging that the sidewalk was in a slippery condition due to water leaking in freezing weather from a car wash business in premises leased from the city. The defendant-appellant, Realux Realty, Inc., served an answer on September 15, 1976, and a verified bill of particulars was served by plaintiff on January 6, 1977. An examination before trial of the plaintiff was taken by defendant on March 22, 1978. Defendant thereafter, on August 2, 1979, sent notice by certified mail, return receipt requested, to the office of the attorneys for plaintiff, demanding that the action be placed on the calendar pursuant to CPLR 3216. The motion to dismiss for failure to comply was made on December 4, 1979, returnable December 18, 1979, almost four years after the accident and approximately three and one-half years after the commencement of the action. It was adjourned at the request of the plaintiff to January 3, 1980. In opposing the motion, the attorney for the plaintiff claimed there was a substitution of counsel. However, the new attorney was a partner in the original law firm and was the attorney who handled deposition of the parties and other preliminary proceedings. Further, no affidavit of merit was submitted by plaintiff in opposition to the motion and although the medical injuries appear severe, they have not all been sufficiently related to the accident of January 6, 1976. The court papers indicate the last hospitalization of the plaintiff was in July, 1977, or two and one-half years before the motion to dismiss for lack of prosecution. The failure to secure these medical records over two- and one-half-year period is a law office failure which is not excusable on this record. The motion to dismiss pursuant to CPLR 3216 should have been granted unconditionally *(Sortino v Fisher,* 20 AD2d 25; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3216.13). Concur—Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.