CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF MALONE, BANGOR, BURKE, CONSTABLE, BELLMONT, WESTVILLE, BRANDON, DUANE AND FRANKLIN, Respondent, v PERFETTO AND WHALEN CONSTRUCTION CORP. et al., Appellants, et al., Defendants. (And One Other Action.)— Appeals from an order of the Supreme Court at Special Term, entered January 2, 1980 in Franklin County, which, inter alia, denied defendants' motions to dismiss the complaints for failure to prosecute. These actions, arising out of the construction of two school buildings, were commenced in March, 1972. Issue was joined, and, pursuant to a demand therefor, plaintiff served verified bills of particulars in 1974. In 1972 and 1973, plaintiff's motions to discontinue as to certain defendants were denied, and defendants' motion to dismiss the complaints, based upon the Statute of Limitations, was denied in 1975. The next court order entered in these actions is the order denying defendants' motions to dismiss the complaints for failure to prosecute and granting plaintiff's cross motion for an order directing examinations before trial, which is the subject of this appeal. There was some correspondence in 1974 and 1975

concerning the scheduling of examinations before trial, but there is nothing in the record to indicate any efforts to proceed with the matter thereafter. In February, 1979 the attorney for one of the defendants suggested that a conference be held to discuss settling the actions, but the scheduled conference was canceled. By letter dated April 26, 1979, plaintiff's attorney requested photocopies of the pleadings from counsel for one of the defendants, explaining that the papers had apparently been lost in a fire. The copies requested by plaintiff were supplied in early June, 1979, and shortly thereafter several of the defendants served upon plaintiff demands that notes of issue be filed within 90 days. Some five months later, with no notes of issue having been filed, defendants moved to dismiss the complaints, pursuant to CPLR 3216, for failure to prosecute. Plaintiff filed the notes of issue on or about November 30, 1979, and thereafter cross-moved for an order directing examinations before trial. Special Term denied defendants' motions and granted the relief sought by plaintiff, and this appeal ensued. Pursuant to CPLR 3216 (subd [e]), where the plaintiff fails to comply with the 90-day demand notice (CPLR 3216, subd [b], par [3]), the court, in its discretion, may dismiss the complaint unless the plaintiff shows justifiable excuse for the delay and a meritorious cause of action. In our view, Special Term abused its discretion in denying all of the defendants' motions pursuant to CPLR 3216. At the time defendants served their 90-day notice, these actions were more that seven years old, and related to events that were considerably older. More importantly, there had been little or no activity in the cases during the preceding three and one-half years. Yet, when confronted with demands to serve notes of issue within 90 days, plaintiff did nothing until after defendants moved to dismiss, some five and one-half months later. The excuses offered by plaintiff for the failure to file notes of issue are that it would have been contrary to accepted practice and calendar rules to place the cases on the calendar when they were not ready to be tried and that a portion of the case files had been destroyed in a fire. However, "Orderly procedure mandates timely compliance with a 90-day notice served pursuant to CPLR 3216, and where it appears that a valid reason may exist for a party's inability to comply, he should, before default, apply to the court for an extension of time pursuant to CPLR 2004" *(Nappi v St. John's Cemetery,* 73 AD2d 687). Moreover, since plaintiff filed notes of issue, albeit long after the 90-day period had expired, without having taken any further steps to prepare the case for trial, its first excuse is less than persuasive; and as to the fire, plaintiff's counsel indicated that only the pleadings and verified bills of particulars were lost and these were replaced prior to service of the 90-day demand notices. Plaintiff's belated filing of the notes of issue after the defendant moved to dismiss is no excuse for the delay charged in the motion *(Monteferrante v New York City Fire Dept.,* 74 AD2d 538). As noted above, the excuses offered by plaintiff for its failure to comply with the 90-day demand notices are, in our view, inadequate, and there is no cogent excuse offered for the three and one-half years of inactivity which preceded the notices. A pattern of inexcusable delay has developed in this case, and it cannot be overlooked. Given the length of the delay here and the slender nature of the excuses offered for that delay, plaintiff's burden of showing the merits of its action is a heavy one *(Sortino v Fisher,* 20 AD2d 25, 32). The affidavit of merit here simply contains a restatement

of some of the allegations of the complaint, an allegation that the affiant has been told by experts that the defendants are at fault and an opinion of the affiant that a trial will result in a verdict in favor of plaintiff. There is no statement of evidentiary facts, by a person with knowledge of those facts, establishing that plaintiff has a viable cause of action and, therefore, dismissal cannot be avoided *(Havens v Best Way Lines,* 60 AD2d 926). Accordingly, in light of the pattern of an unexcused delay and failure to show a meritorious cause of action, this was an appropriate case for Special Term to exercise its discretion to dismiss the complaints, and its failure to do so constitutes an abuse of that discretion. In denying defendant's motions, Special Term's order notes that it was doing so as to certain of the defendants for the additional reason of "the noncompliance with the requirements of CPLR 3216". CPLR 3216 (subd [b], par [3]) requires that, as a condition precedent to dismissal for failure to prosecute, the party seeking such relief serve notice demanding that a note of issue be filed within 90 days. Since it appears from the record that the defendants specified by Special Term did not serve such notices, they were not entitled to the relief requested. Finally, we conclude that, in light of our disposition of defendants' motions to dismiss, it would be inappropriate to grant plaintiff the relief it seeks in its cross motion. Order modified, on the law and the facts, by reversing so much thereof as denied the motions of the defendants Urbahn, Reutershan, Koppers Company, Inc., and Aetna Casualty and Surety Company and granted the cross motion of plaintiff, and, as so modified, affirmed, with one bill of costs to the above-named defendants. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Casey, JJ., concur.