■ CHARLES HOLDORF et al., Appellants, v ONEONTA URBAN RENEWAL AGENCY et al., Respondents, and NEWMAN & DOLL et al., Defendants and Third-party Plaintiffs-Respondents. NEIL NIELSEN et al., Third-Party Defendants-Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Ellison, J.), entered September 30, 1982 in Otsego County, which granted defendants' motion to dismiss the complaint, (2) from the judgment entered thereon, and (3) from an order of said court, entered April 14, 1983 in Otsego County, which granted plaintiffs' motion for renewal and, upon renewal, adhered to its prior decision. Plaintiff Charles Holdorf is the owner of premises located on Main Street in the City of Oneonta. Plaintiff B. F. Sisson, Inc., is the lessee of those premises, operating a multistory retail establishment therein. The rear of the building faces on Water Street. In 1969, plaintiffs installed an elevator shaft for a store elevator upon the rear wall of the building. In 1975, defendants City of Oneonta and Oneonta Urban Renewal Agency embarked upon an urban renewal project for the reconstruction, elevation and extension of Water Street and the construction of a municipal parking garage thereon, entailing extensive excavation below the former level of Water Street, the building of a ramp, sinking of piles and installation of new sewage lines. The project encompassed an area immediately adjacent to plaintiffs' building and elevator shaft. In 1977, plaintiffs commenced the instant action claiming damage to their property as a result of the negligent design and performance of the construction of the project by defendants City of Oneonta and Oneonta Urban Renewal Agency and of the other codefendants, consisting of the project's engineers, general contractor and various subcontractors. After issue was joined, third-party actions were initiated by defendants Newman & Doll and Howard & Sprague, Inc., against Neil Nielsen and Neil Nielsen, Inc., and extensive pretrial depositions were conducted. In early February, 1982, defendant Howard & Sprague, Inc., served a CPLR 3216 demand that plaintiffs file a note of issue. On February 9, at the return date of a motion by a codefendant to depose certain nonparty witnesses, plaintiffs

sought and were granted an extension of time to file a note of issue of an additional 90 days after completion of the depositions and receipt of the transcripts thereof. Copies of the transcripts were received by plaintiffs' trial counsel in early May, 1982. However, trial counsel inadvertently failed to transmit the transcripts to plaintiffs' attorney of record or to notify him that they had been received. Consequently, no note of issue was filed before the additional 90-day period expired and, on August 11, 1982, defendant Howard & Sprague, Inc., promptly moved for dismissal, which was joined in by the remaining defendants. On August 26, 1982, plaintiffs belatedly filed their note of issue. Special Term initially granted the motion to dismiss on the sole ground that plaintiffs had failed to submit an affidavit showing the merits of their cause of action. Plaintiffs then moved to renew, offering an additional affidavit of their attorney together with accompanying exhibits and also offering the transcripts of depositions previously taken in the action. Special Term granted the motion to renew and, upon renewal, adhered to its original dismissal on the ground that the proffered excuse for the delay was nothing more than law office failure and that the affidavit of merit was insufficient in form and in substance. This appeal by plaintiffs then ensued. At the outset, we see no reason to disturb Special Term's exercise of discretion in granting plaintiffs' motion to renew. We, therefore, review the dismissal of the complaint on the basis of the entire record on the successive motions. It is well settled that on a motion to dismiss for failure to prosecute, no single factor or any combination thereof is conclusive; the determination requires a balanced consideration of all relevant circumstances (*Sortino v Fisher,* 20 AD2d 25, 28; cf. *Carron v De Granpre,* 55 AD2d 712, 713). This means that the law office failure which concededly caused plaintiffs' attorneys to neglect to file the note of issue is not alone determinative. While inexcusable, it was inadvertent and the delay was shortlived. Clearly, despite the long pendency of this action, it is a complex one and there has been significant activity on plaintiffs' part, including participation in extensive pretrial disclosure, negating any intention to abandon the action. So, too, there has been no showing of undue prejudice to defendants. The case was actually noticed for trial at the same term that it would have been had the note of issue been timely filed. Finally, an examination of the entire record leads us to disagree with Special Term's conclusion that absent here was any indication of the merit of plaintiffs' claim. First, there is the inescapable fact that, after lengthy uneventful prior use, there occurred serious undermining of the elevator shaft attached to plaintiffs' building and significant seepage of sewage therein, all of which ensued for the first time coincidently with heavy construction activity on the project performed directly adjacent to plaintiffs' property. Plaintiffs essentially attributed these phenomena to improper linkage of the newly installed sewage system and destabilization of the inferior, underlying soil through saturation and the excavation and pile driving on the Water Street project. The foregoing was confirmed by the report of plaintiffs' expert, who gave a scientific explanation for the subversion of plaintiffs' ground support, linked it to defendants' activities and opined that it was foreseeable and avoidable. This was sufficient to demonstrate a viable claim against defendants, each of whom played a role as owner, engineer planner/supervisor, general contractor or subcontractors on the project (see *Paltey v Egan,* 200 NY 83, 91; *A. L. Russell, Inc., v City of New York,* 4 AD2d 943, 944, affd 5 NY2d 794; *Fagan v Pathe Inds.,* 274 App Div 703, 708-710; see, also, *Kress & Co. v Reaves,* 85 F2d 915, 917, cert den 299 US 616). True, the papers submitted by plaintiffs' attorneys were inartfully drawn and in important respects did not set forth evidentiary facts in the requisite admissible form. Thus, Special Term's dissatisfaction with plaintiffs' showing on the motions was understandable. Nevertheless, the affidavits were not as

palpably insufficient nor as baldly conclusory, nor was the delay as inordinate, as in other cases where the ultimate sanction of dismissal was imposed (see *Berzinski v Ness,* 86 AD2d 927; *Central School Dist. No. 1 v Perfetto & Whalen Constr. Corp.,* 79 AD2d 755, affd 53 NY2d 1034). Since a credibly meritorious claim can be gleaned from the record, we exercise our discretion not to penalize plaintiffs for the error of counsel and substitute the sanction of a severe fine to be imposed personally on plaintiffs' attorneys, consisting of a payment of $1,500 to defendant Howard & Sprague, Inc., and $500 to each of the remaining defendants and third-party defendant filing briefs (see *Bogoff v Mount Sinai Hosp.,* 85 AD2d 581; *Thompson v Shafer,* 57 AD2d 824; *Newell v Lane,* 45 AD2d 704; *Taveras v Mount Sinai Hosp.,* 41 AD2d 640). Orders reversed, on the law and the facts, without costs, and defendants' motion to dismiss denied on the condition that the attorneys for plaintiffs pay $1,500 to defendant Howard & Sprague, Inc., and $500 to each of the remaining defendants and third-party defendant filing briefs within 20 days after service of a copy of the order to be granted hereon with notice of entry, failing which, the orders are affirmed, with costs to respondents filing briefs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.