■ EDITTA SHERMAN, Respondent, v CARNEGIE HALL CORPORATION, Appellant and Third-Party Plaintiff-Appellant-Respondent. ARMOUR ELEVATOR CO., INC., Third-Party Defendant-Respondent-Appellant. — Order, Supreme Court, New York County (Israel Rubin, J.), entered August 3, 1982, based upon a decision of Justice Sidney H. Asch dated November 19, 1979, granting plaintiff's motion to vacate a dismissal of her action and restoring it to the calendar of the court, unanimously reversed, on the law, and the action dismissed, without costs or disbursements. ¶ This negligence action accrued on January 10, 1974 and was commenced the following December. The third-party action was commenced in April, 1975 and by the following month issue had been joined as to all the parties. A stay, obtained upon application of the State Insurance Department for all matters involving defendant's insurer, was lifted in March, 1978. In June of that year Justice Asch dismissed the action for plaintiff's failure to appear. A year later plaintiff moved to vacate the dismissal. Justice Asch denied the motion without prejudice to renewal if accompanied by an affidavit of merits by plaintiff herself. Justice Asch granted plaintiff's renewal motion by a memorandum vacating the prior dismissal, restoring the action to the calendar, and directing settlement of the order thereon. Plaintiff did not seek to settle the order for almost two and a half years when it was presented to Justice Rubin for signature, Justice Asch having in the interim been appointed to the Appellate Division. Justice Rubin signed the order, noting that he did so pursuant to CPLR 9002 which authorizes a Justice to sign an order giving effect to a determination of another Justice whose disability or legal incapacity prevents his signing. ¶ We find that this action has been attended by such inordinate and inexcusable delay that it must be dismissed with prejudice. It is now 10 years since the action accrued. Plaintiff waited a year after the original dismissal to move to vacate it. Even so, the motion had

to be denied for lack of a proper affidavit of merits (see *Sortino v Fisher,* 20 AD2d 25). The ultimate vacatur of the dismissal must be viewed as an act of mercy, unwarranted because plaintiff's affidavit of merits was couched solely in conclusory terms; there was no other affidavit by anyone competent to testify (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.09), and the only excuse offered for plaintiff's failure to appear was impermissible law office failure (cf. *Barasch v Micucci,* 49 NY2d 594). Having gained this success, plaintiff waited nearly two and a half years to settle the order that would formalize it. We find that the order should not have been signed. There was no excuse for the delay and section 660.8 (a) (6) of Supreme Court Rules of New York and Bronx Counties (22 NYCRR) requires settlement of an order within 30 days of its natal decision. Finally, plaintiff has failed to respond to this appeal. Concur — Carro, J. P., Silverman, Fein, Lynch and Milonas, JJ.