■ STEPHEN LICHTER, Respondent, v STATE OF NEW YORK, Appellant. [603 NYS2d 644] —Yesawich Jr., J. Appeal from an order of the Court of Claims (E. Margolis, J.), entered October 27, 1992, which denied the State's motion to dismiss the claim for want of prosecution.

Claimant's failure to respond to a 90-day demand, served by the State pursuant to CPLR 3216 (b) (3) on January 23, 1992, prompted this motion to dismiss the claim for want of prosecution. The Court of Claims denied the motion, except to the extent of imposing a $500 monetary sanction upon claimant's counsel. The State appeals.

As claimant has neither filed a note of issue nor moved for

an extension of time to do so, the State's motion to dismiss must be granted unless claimant is able to demonstrate both "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; *see, DeLisa v Pettinato,* 189 AD2d 988). In gauging whether a given excuse is adequate, a court must consider the degree of merit shown, as well as such other factors as the extent of the delay, the seriousness of the plaintiff's injury, undue prejudice to the defendant, if any, caused by the delay and whether the plaintiff intended to abandon the suit *(see, Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865, 866; *Sortino v Fisher,* 20 AD2d 25, 28).

Here, the record as a whole suggests not only that the claim may have merit *(see, Pastore v Golub Corp.,* 184 AD2d 827, 828), but also that claimant's injuries are far from trivial *(compare, Sortino v Fisher, supra,* at 33). Furthermore, there has been no showing of prejudice to the State or any intent to abandon the claim; indeed, discovery was still being conducted just five months prior to service of the 90-day demand. Finally, it bears noting that although claimant did not formally move for an extension of the 90-day period, he did informally request such an extension in a cover letter which was transmitted to the court immediately prior to the expiration of the 90-day period. The failure to follow proper procedure to protect the client's rights in a similar circumstance has been likened to law office failure, which can be sufficient to justify delay when the relevant factors otherwise suggest that dismissal is unwarranted *(see, Pastore v Golub Corp., supra).*

In sum, although the proferred excuse for the delay—that some difficulty was encountered arranging for local trial counsel—is hardly compelling *(see, M.P.S. Mktg. Servs. v Champion Intl. Corp.,* 176 AD2d 250, 251), given the various other pertinent factors which militate against dismissal, we are disinclined to conclude that the Court of Claims abused its discretion in deciding to allow the claim to proceed on condition that claimant's counsel first satisfy a monetary sanction imposed because of counsel's tardy practice *(see, Holdorf v Oneonta Urban Renewal Agency, supra; Carron v De Granpre,* 55 AD2d 712, 713; *Moran v Rynar,* 39 AD2d 718).

With respect to the amount of the sanction, however, we agree with the sentiment expressed by a noted commentator to the effect that the sanction imposed should be substantial enough to serve as a deterrent to dilatory behavior in the future *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:6, at 637). For that reason,

we invoke our discretionary power to increase the sanction imposed upon claimant's counsel to $1,500.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the facts, without costs, by increasing the monetary sanction imposed upon claimant's counsel to $1,500 and extending the time for payment of the remainder of that amount until 20 days from the date of this Court's decision, and, as so modified, affirmed.