OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiffs bring the underlying action for personal injuries arising from an automobile accident, alleging the negligence of defendant. Defendant now moves to dismiss the complaint for neglect to prosecute pursuant to CPLR 3216.
FINDINGS OF FACT
The underlying negligence action was commenced by service of a summons and verified complaint in October 1990. Issue was then joined by service of a verified answer with counterclaim on October 26, 1990. Issue was joined on defendant’s counterclaim by service of a verified reply on November 19, 1990, and an amended answer was served on December 23, 1992. Following completion of disclosure, plaintiff filed trial note of issue in April 1993. A pretrial conference was held on September 29, 1993, and a day certain for trial was scheduled for February 28, 1994.
On October 29, 1993, defendant requested that plaintiffs provide responses to his previous demand for expert information and further provided potential dates for deposing plaintiffs’ expert. On December 6, 1993, having received no response to his prior request, defendant again requested this information from plaintiffs. Subsequently, plaintiffs informed the court that their treating physician would be unavailable to testify and a new day certain was scheduled for June 27, 1994. On February 10, 1994, defendant’s attorneys again requested that plaintiffs supply him with the requested expert disclosure. This information was then provided by plaintiffs on June 3, 1994, which defense counsel rejected as untimely.
On June 14, 1994, plaintiffs’ counsel informed the court of his impending surgery. The court struck the trial note of issue and granted plaintiffs leave to refile within one year. On *595 November 16, 1994, defense counsel requested that plaintiffs inform him of their intentions regarding returning the case to the calendar for trial. At that time, defense counsel specifically noted that Sheldon Hansel had recently been convicted on his plea to filing fraudulent documents with the government in order to receive overpayment of Federal funds. Having received no answer, defense counsel again wrote to plaintiffs’ attorney to request the status of this case in January of 1995 and again in February of this year. On March 9, 1995, defense counsel sent plaintiffs a demand to resume prosecution pursuant to CPLR 3216 by certified mail, which was received by plaintiffs’ counsel the following day.
On April 6, 1995, plaintiff Sheldon Hansel was sentenced to 16 months’ incarceration by the United States District Court, Northern District of New York. He was actually imprisoned on May 8, 1995, and is currently serving his term of imprisonment at a Federal prison in Lexington, Kentucky.
Subsequently, plaintiffs filed trial note of issue on June 14, 1995, exactly one year to the date from which the court struck the note of issue and removed the case from the calendar.
CONCLUSIONS OF LAW
Defendant now moves the court for dismissal of the plaintiffs’ complaint pursuant to CPLR 3216 due to failure to prosecute. In particular, defendant contends that plaintiffs have failed to file and serve a trial note of issue within the 90 days following receipt of the demand and that this delay severely prejudices his defense of the action and prosecution of his counterclaims. In opposition, plaintiffs contend that the action has not been abandoned, as they have filed the note of issue within the one-year period permitted by CPLR 3404.
Thus, three questions are posed to the court:
(1) As between the seemingly conflicting time limits of CPLR 3216 and 3404, which is controlling?
(2) Have the plaintiffs complied with the requirements of the relevant statute?
(3) If the plaintiffs have failed to comply with the requirements of the relevant statute, have they proffered reasons for their delay?
Plaintiffs contend that pursuant to CPLR 3404, they were permitted one year after the case was stricken from the calendar in which to refile the note of issue and that they timely did so on June 14, 1995, exactly one year from the date *596 on which the court removed the case from the calendar. Pursuant to CPLR 3404, "A case in the supreme court or a county court marked 'off or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.”
CPLR 3404 merely authorizes a presumption of abandonment and an automatic dismissal following one year without activity. However, CPLR 3404 does not expressly permit the recalcitrant plaintiff an entire year in which to restore the case to the calendar. To interpret the statute in this manner would permit such party to continue to delay and then only return the case to the calendar on the very last day of that one-year period, to the potential prejudice of the defendant. By striking the case from the calendar with leave to refile, the court did not thereby preclude the defendant from demanding that the plaintiffs resume prosecution before the last day of the one-year period, particularly given the inordinate delays already caused solely by the actions of the plaintiffs. Although CPLR 3216 (f) states, "[t]he provisions of this rule shall not apply to proceedings within rule thirty-four hundred four”, this clause indicates that CPLR 3216 acts independently of CPLR 3404. Although CPLR 3216 requires a formal motion, CPLR 3404 is self-executing and requires no active court application. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3216:32, at 659 [1992].)
Dismissal of an action due to failure to file and serve a note of issue is authorized by CPLR 3216 (a). Pursuant to CPLR 3216 (b) (3), when a party unreasonably neglects to prosecute an action, dismissal is permissible so long as, "The court or the party seeking such relief * * * shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a notice of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed.”
Plaintiff was served with the demand to resume prosecution on March 10, 1995. Ninety days from that date is June 8, 1995. Trial note of issue was mailed on June 13, 1995, and filed on *597 June 14, 1995. Therefore, although within the parameters of CPLR 3404, plaintiffs failed to comply with CPLR 3216 due to their failure to timely file and serve the note of issue within 90 days after receipt of the demand.
However, pursuant to CPLR 3216 (e), "In the event that the party upon whom is served the demand specified in subdivision (b) (3) of this rule fails to serve and file a note of issue within such ninety day period, the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action.”
In order to take advantage of this safeguard and avoid having their action dismissed, the plaintiffs must therefore satisfy two criteria: present a legitimate excuse for their delay, and demonstrate that the underlying action has legal merit. (DeLisa v Pettinato, 189 AD2d 988, 989 [3d Dept 1993]; Brady v Mastrianni, Abbuhl, & Murphy, 187 AD2d 858, 859 [3d Dept 1992]; Tierney v OB-GYN Assocs., 186 AD2d 926, 927 [3d Dept 1992] .)
The courts have recognized that legitimate reasons exist for delay which may warrant a denial of a CPLR 3216 motion. These reasons were enumerated by the Second Department in Sortino v Fisher, and accepted by the other Departments shortly thereafter. (Sortino v Fisher, 20 AD2d 25 [1st Dept 1963] ; Lubin v Country Town Cottages, 21 AD2d 952 [3d Dept 1964] ; Lichter v State of New York, 198 AD2d 687, 688 [3d Dept 1993] .)
Plaintiffs proffer two reasons for their delay. Plaintiffs first contend that the attorney previously handling this matter, Kenneth P. Ray, Esq., continues to recuperate from the surgery that necessitated the adjournment of the trial to be held in June 1994, and that due to his debilitating health problems, he has been unable to give full attention to his work. Ray has now assigned responsibility of this case to Charles W. Wason, Esq., an associate within his firm.
Generally, illness of an attorney may constitute a reasonable excuse for a default. (Anderson v Doten, 187 AD2d 893, 894 [3d Dept 1992]; Chery v Anthony, 156 AD2d 414, 416 [2d Dept 1989]; Sortino v Fisher, 20 AD2d, at 31, supra.)
The second reason put forth by plaintiffs for their delay is somewhat more compelling: plaintiff Sheldon Hansel is currently incarcerated in a Federal penitentiary. Dismissal of the complaint under these circumstances would deprive the plaintiffs of their constitutional right to their day in court. (Castro v Banister, 42 Misc 2d 387 [Sup Ct, Kings County 1964].)
*598 Plaintiffs’ attorneys fail to explain why they failed to take action on this case though aware of Sheldon Hansel’s conviction at least as early as November 16, 1994. Hansel was not actually imprisoned until May 1995, six months after his conviction.
Plaintiffs also fail to satisfy the second prong of CPLR 3216, requiring that the party opposing dismissal demonstrate "a good and meritorious cause of action.” The showing of merit requires an affidavit of merit by a party with personal knowledge of the facts and equivalent to an affidavit that could defeat a motion for summary judgment. (DeLisa v Pettinato, 189 AD2d, at 988, supra; Mihaly v Mahoney, 126 AD2d 791, 793 [3d Dept 1987]; Sortino v Fisher, 20 AD2d, at 32, supra.)
In opposing the motion to dismiss, plaintiffs’ counsel submits his own affidavit in which he reiterates the allegations of negligence raised in the complaint, quotes deposition testimony, and states his own belief that the case is meritorious. An attorney’s affidavit which does not contain evidentiary facts and which is not attested to by one with personal knowledge of the facts is not sufficient to constitute an affidavit of merit. (Zent v Board of Educ., 174 AD2d 1047, 1048 [4th Dept 1991]; Charlotte Lake Riv. Assocs. v American Ins. Co., 130 AD2d 947 [4th Dept 1987].)
In evaluating these criteria, the Sortino Court also considered the right of the defendants "to be free, after reasonable opportunity for plaintiffs to establish the contrary, of the burden of defending actions which possess little or no merit, or even of defending actions of merit but too long delayed.” (Sortino v Fisher, 20 AD2d, at 28, supra)
The five-year history of this lawsuit is replete with delays on the part of plaintiffs’ counsel, and efforts by defense counsel to move the case along. The substantive reasons for delay appear to be illness of plaintiffs’ counsel and the criminal travails of plaintiff. Plaintiff has been penalized for his crimes, and should not be further penalized for the health problems of his lawyer. The note of issue is stricken with leave to renote within 30 days after plaintiff’s release from incarceration upon payment to defense counsel of costs and attorney’s fees of $750. Otherwise the motion to dismiss the complaint is denied.