33 N.Y.2d 985 (1974)
Grace M. Hnat, as Limited Administratrix of The Estate of John J. Hnat, Deceased, Appellant,
v.
Nyack Hospital, Respondent.
Court of Appeals of the State of New York.
Submitted January 7, 1974.
Decided February 14, 1974.
Henry V. Stebbins for appellant.
Richard J. Burke and John E. Morris for respondent.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES and RABIN concur in memorandum; Judge STEVENS dissents and votes to reverse and grant a new trial in a separate opinion in which Judge WACHTLER concurs.
*986 MEMORANDUM.
The order of the Appellate Division should be affirmed, without costs. We agree with the trial court and majority at the Appellate Division that the plaintiff failed to prove a prima facie case of negligence against the hospital since there is no evidence upon which the jury could find that, in the circumstances here present, the hospital's treatment of the patient was not in accord with the standard practice of hospitals. It was not reasonably foreseeable that the patient would suddenly become violent, climb out of bed and attempt to leave the hospital.
STEVENS, J. (dissenting).
I dissent and would reverse and grant a new trial. Here the condition of plaintiff's decedent was noticeably growing progressively worse. This led to the calling of the resident physician who examined decedent and, in his words, found the patient "disturbed", "quite disoriented" and unhappy about the situation. He concluded also that the patient's condition was deteriorating.
The nurse who had been present throughout the doctor's examination accompanied the resident when he left the room to call the patient's private physician, leaving this disturbed, disoriented patient alone. Then ensued the chain of events which culminated in the patient's death.
There is some dispute as to whether the side rails of the bed were up. The doctor testified that the rails were up at about 10:30 P.M. when he examined the patient, and the wife of the patient testified that the rails were not up at about 9:10 P.M. when she left the hospital room. Since the case was dismissed at the conclusion of plaintiff's proof, every favorable inference that can reasonably be drawn must be accorded such proof.
*987 In my view, under the circumstances here present, with knowledge of the patient's mental condition, there is a question of fact whether the patient should have been left alone without, at least, some restraining or protective device to assure his safety. The plaintiff in this aspect made out a prima facie case. It is difficult to conclude, as a matter of law, that there is no factual issue and that, at the least, some very unfortunate result could not reasonably have been anticipated.
Order affirmed.