■ JOHN D. GORY, Appellant, v COUNTY OF MADISON, Respondent.—Mikoll, J. Appeal (1) from an order of the Supreme

Court (Lee, Jr., J.), entered September 5, 1986 in Madison County, which denied plaintiff's motion to reinstate his note of issue and granted defendant's cross motion to dismiss the action for failure to prosecute, and (2) from the judgment entered thereon.

Plaintiff was injured on October 2, 1983 at about 5:00 A.M. when his pickup truck failed to negotiate a curve on West Lake Road, a county highway in the Town of Cazenovia, Madison County. His vehicle went off the road and struck a telephone pole. As a result of the accident, plaintiff sustained a fracture of his left femur among other injuries.

On April 10, 1984, plaintiff commenced the instant action against defendant by service of a summons and complaint. Issue was joined and a demand for a bill of particulars was served on July 19, 1984. Examinations before trial of the parties were held on September 27, 1984. Defendant served a 90-day demand to file a note of issue on June 12, 1985 and the note of issue was filed on July 24, 1985. The action first came on for trial on November 12, 1985 and was marked "over the term" because plaintiff had moved to California and was unavailable for trial. The case again was called for trial on March 3, 1986 but plaintiff again was not ready because plaintiff's consulting engineer had been hired by defendant, which created an apparent conflict-of-interest problem. As a result, plaintiff again requested the case "go over the term". The case, however, was marked off the calendar without prejudice to plaintiff to restore it within one year. Subsequently, plaintiff obtained another engineer as his expert.

Defendant served a second 90-day demand to file a note of issue on June 3, 1986. Plaintiff moved to restore the matter to the Trial Calendar on July 16, 1986. Defendant cross-moved to dismiss the complaint for failure to prosecute. Supreme Court denied plaintiff's motion, granted defendant's cross motion and ordered the complaint dismissed. This appeal followed.

Upon consideration of the pertinent issues, we find that there should be a reversal and plaintiff's motion to restore his case to the calendar should be granted. Supreme Court improperly denied plaintiff's motion to restore and incorrectly granted defendant's motion to dismiss the complaint for failure to prosecute.

Initially, it appears that plaintiff's case was taken off the calendar in March 1986 without prejudice to the filing of a new note of issue. Defendant served a second 90-day demand for service of a note of issue only three months after the case

was taken off the calendar without prejudice. This preserved plaintiff's right to file a new note of issue within the 90 days prescribed by defendant's demand. Plaintiff made his motion to restore and attempted to refile his note of issue only four weeks after defendant served this second 90-day demand and within four months of the date the case was taken off the calendar without prejudice. Thus, plaintiff's actions were timely and his motion to restore the action to the calendar should have been granted.

Moreover, we have examined the record and conclude, considering all the relevant circumstances, that plaintiff has not failed to prosecute his action which precludes a dismissal under CPLR 3216 (see, Holdorf v Oneonta Urban Renewal Agency, 99 AD2d 865, 866; see also, Montgomery Ward & Co. v Craig, 23 AD2d 754). Plaintiff provided reasonable explanations for the delays and his actions do not amount to a willful abandonment of the action (see, Belsky v Lowell, 117 AD2d 575; cf., Travelers Indem. Co. v Central Trust Co., 49 AD2d 1024, appeal dismissed 38 NY2d 895). Defendant's assertion that plaintiff has not shown that his action has merit is not persuasive. In view of the fact that this is a case heavily dependent on expert testimony, plaintiff's supporting papers were adequate to show that the action has merit (see, Carron v De Granpre, 55 AD2d 712). Accordingly, Supreme Court abused its discretion in denying plaintiff's motion to restore his case to the calendar.

Order and judgment reversed, on the law, with costs, motion granted and cross motion denied. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.