■ ARTHUR R. MELIUS et al., Respondents, v ROBERT J. PLETMAN et al., Defendants, and ELLIS HOSPITAL, Appellant. [609 NYS2d 450] —Mikoll, J. P. Appeal from an order of the Supreme Court (Doran, J.), entered July 27, 1992 in Schenectady County, which denied defendant Ellis Hospital's motion to dismiss the complaint against it for failure to prosecute.

Plaintiff Arthur J. Melius (hereinafter Melius) commenced an action in 1986 against defendant Ellis Hospital and three physicians. In 1989, Melius and his wife, plaintiff Mary H. Mills-Melius, commenced a separate action against Ellis alone. In the first action, Melius alleged in his complaint that he had sustained personal injuries as a result of malpractice. The second action alleged a separate cause of action for medical malpractice at Ellis that occurred while he was receiving treatment for a condition purportedly related to the first action.

In April 1991, Ellis served demands in each action demanding that plaintiffs resume prosecution of the respective actions and file notes of issue. By notice of motion dated June 21, 1991, Ellis moved to consolidate the two actions pursuant to CPLR 602.

While the motion to consolidate was pending, plaintiffs requested an extension of the time to file notes of issue. On July 3, 1991, the time was extended by agreement of counsel for another 90 days until October 22, 1991. The motion to consolidate was granted by an order entered August 21, 1991. Plaintiff failed to file notes of issue and, in March 1992, Ellis moved to dismiss plaintiffs' action for failure to prosecute under CPLR 3216 (a).

Supreme Court, in an oral order from the bench that was later transcribed, found that after the consolidation a new action came into being, triggering a requirement to file a new note of issue. The court noted that there was little in plaintiffs' papers setting forth a justifiable excuse and a meritorious cause. Supreme Court then stated that it based its ruling on the fact that plaintiffs "did not have to comply [with the 90-day demand] because of the consolidation". A written order was entered and this appeal by Ellis followed.

The order should be reversed, Ellis' motion to dismiss granted and the complaint dismissed against Ellis for failure to prosecute. Ellis' first argument, that its motion to dismiss under CPLR 3216 (e) was improperly dismissed because plaintiffs failed to demonstrate that they had a meritorious cause of action and reasonable excuse for their delay in filing a note of issue after receiving the demands to do so, is meritorious (see, CPLR 3216; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552, 552-553; *Aquilino v Adirondack Tr. Lines*, 97 AD2d 929; *Sortino v Fisher*, 20 AD2d 25, 27). Plaintiffs' papers did not demonstrate that Ellis failed to provide services in accordance with the degree of skill and diligence generally and custom-

arily exercised by hospitals in the community (see, Hnat v Nyack Hosp., 33 NY2d 985, 986; see also, Horton v Niagara Falls Mem. Med. Ctr., 51 AD2d 152, lv denied 39 NY2d 709). Plaintiffs failed to show that they had evidence to establish a prima facie case of malpractice against Ellis.

The only evidence of justifiable delay offered by plaintiffs is counsel's self-serving statement of unspecified difficulties in scheduling discovery desired by defendants. Such an excuse is insufficient to justify plaintiffs' failure to seek a further extension of time within which to serve a note of issue, either from the court or counsel, or to serve a note of issue before October 22, 1991 (see, Meth v Maimonides Med. Ctr., 99 AD2d 799, 800). Plaintiffs' argument that the order of consolidation effectively vacated the prior action taken under CPLR 3216, thus rendering the CPLR 3216 demands ineffective, is rejected. Plaintiffs cite to no case law to support their contention and we find the conclusion illogical. If plaintiffs believed the consolidation order vacated the CPLR 3216 demands served in the two cases, they should have moved in Supreme Court for an order vacating the demands after the order of consolidation was entered (see, Meth v Maimonides Med. Ctr., supra).

Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendant Ellis Hospital.