■ HARRY ATHANASIOU et al., Appellants, v CARL L. ESPOSITO et al., Respondents. [622 NYS2d 148] —White, J. Appeal from an order of the Supreme Court (Smyk, J.), entered August 30, 1993 in Broome County, which dismissed plaintiffs' action for failure to file and serve a note of issue.

On January 12, 1993, the Chief Clerk of the Supreme Court in Broome County mailed plaintiffs' attorney a letter advising him that a note of issue had to be filed within 30 days or this matter would be stricken from the calendar. Thereafter, plaintiffs' time to file was extended to June 1, 1993. On that date, plaintiffs filed a note of issue and certificate of readiness with the Broome County Clerk but did not serve these documents on defendants' attorneys until June 14, 1993. Finding that plaintiffs failed to comply with its demand, Supreme Court dismissed this action, prompting this appeal. We affirm.

Lacking inherent power to dismiss civil cases for failure to prosecute *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 573; *Airmont Homes v Town of Ramapo,* 69 NY2d 901, 902), courts may only do so in a manner that conforms with the appropriate statutory authority *(see, People v Mezon,* 80 NY2d 155, 159; *Cohn v Borchard Affiliations,* 25 NY2d 237, 251-252). In this instance the appropriate statutory authority is CPLR 3216.

The distinguishing feature of CPLR 3216 is that there are certain condition precedents to its use. Among them are that

a written demand to file and serve a note of issue within 90 days of the demand must be served by registered or certified mail upon the party against whom relief is sought *(see,* CPLR 3216 [b] [3]).

Supreme Court's demand did not adhere to these requirements in that it directed the note of issue be filed within 30 days and was served by regular mail. However, inasmuch as Supreme Court extended the time to file the note of issue well beyond the 90-day period, together with the fact that plaintiffs do not deny they received actual timely notice of the demand and have not established they were prejudiced, these deficiencies were mere irregularities which may be overlooked *(see, Balancio v American Opt. Corp.,* 66 NY2d 750; *Smith v City of Troy,* 77 AD2d 691, *affd* 54 NY2d 890).

Supreme Court did not abuse its discretion in dismissing this action since plaintiffs made no attempt to present a justifiable excuse for their failure to timely serve the note of issue upon defendants nor did they establish that they have a good and meritorious cause of action *(see, Anderson v Doten,* 187 AD2d 893). We further note that when Supreme Court served its demand this action had been pending more than six years.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.