■ GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., et al., Respondents, v NORTH AMERICAN SYSTEMS, INC., et al., Appellants, et al., Defendants. [627 NYS2d 840] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 26, 1994 in Albany County, which denied a motion by defendants North American Systems, Inc. and Service Merchandise, Inc. to dismiss the complaint against them for want of prosecution.

Pursuant to CPLR 3216 (a), defendants North American Systems, Inc. and Service Merchandise, Inc. (hereinafter collectively referred to as defendants) sought to dismiss this action against them based upon a failure to file a note of issue within 90 days of demand. Noting that defendants served such demand

on May 3, 1994 and that plaintiffs filed a note of issue on August 26, 1994, approximately three weeks after expiration of the 90-day period, Supreme Court found that the excuse proffered for the failure to timely file was caused by plaintiffs' prior counsel and that no prejudice had resulted therefrom. The court also found that plaintiffs had no intent of abandoning this action and that the merit thereof was demonstrated.* Defendants appeal.

Recognizing that to successfully counter this motion made pursuant to CPLR 3216, plaintiffs must show a "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; see, Athanasiou v Esposito, 212 AD2d 878), we conclude that Supreme Court properly exercised its discretion in finding that a reasonable excuse was proffered.

The record reveals that plaintiff General Accident Fire & Life Assurance Corporation, Ltd. (hereinafter plaintiff) had severed relations on all matters, including the instant action, with its former law firm and transferred such matters to its in-house counsel. Due to a conflict of interest, within four months thereafter, during August 1993, plaintiff consulted with Scott Colbert as new counsel on this matter. In October 1993, Colbert recognized that the consent to change counsel had not been executed by the first law firm. Thereafter, plaintiff engaged in numerous telephone conversations and correspondence seeking the needed consent. Despite assurances that one would be forthcoming, it was not forwarded until three days after the expiration of the 90-day demand. Notably, such demand was served on the attorneys of record, i.e., plaintiff's first counsel, who had failed to consent to the change. With such consent now secured, and only 16 days after the receipt thereof, Colbert immediately secured trial counsel and filed a cross motion, with plaintiff's note of issue, requesting permission to file a late note of issue (see, CPLR 2004).

Due to the tumultuous nature of plaintiff's representation and the first counsel's failure to forward the consent to change attorneys, notwithstanding its sole knowledge of the demand made pursuant to CPLR 3216 (e), we find that Supreme Court appropriately determined that there was a justifiable excuse for the delay and that there was no willful abandonment of this action by plaintiffs (see, Gory v County of Madison, 133 AD2d 951, 953).

With this factual background and the absence of any claim

---

* This is a subrogation action seeking damages caused by a fire at the home of Betty St. Louis and Charles St. Louis on the theories of strict products liability, breach of warranties and negligence.

of prejudice, we further find that Supreme Court properly rejected defendants' contentions that plaintiffs failed to demonstrate the meritorious nature of the action. In light of the fact that this products liability claim will be "heavily dependent on expert testimony" (*supra*, at 953), and that while the preliminary report of the engineer annexed to the affidavit of plaintiff's claims manager was not in affidavit form, we find that after a "balanced consideration of all relevant circumstances" (*Holdorf v Oneonta Urban Renewal Agency*, 99 AD2d 865, 866; *see, Carron v De Granpre*, 55 AD2d 712, 713), Colbert's failure to ensure that such report was in appropriate form, in light of the time restraints presented to him, coupled with the incident report filed by the local fire department that responded to the fire allegedly caused by the defective product, established a sufficient basis for Supreme Court to determine that the underlying action was meritorious (*see generally, Dick v Samaritan Hosp.*, 115 AD2d 917; *Holdorf v Oneonta Urban Renewal Agency, supra*).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.