(May 10, 1996)

■ GEORGE BACZKOWSKI, Respondent, v D.A. COLLINS CONSTRUCTION COMPANY, INC., Appellant. (And a Third-Party Ac-

tion.) [643 NYS2d 234] —Mercure, J. Appeals from two orders of the Supreme Court (Caruso, J.), entered April 13, 1995, and August 9, 1995 in Schenectady County, which denied defendant's motion to dismiss the complaint for failure to prosecute.

On July 27, 1994, nearly eight years after the occurrence forming the basis for plaintiff's claim and nearly five years after the commencement of this action, defendant served a demand pursuant to CPLR 3216 (b) (3) that plaintiff file a note of issue within 90 days. Plaintiff took no action within that 90-day period. In December 1994, defendant moved to dismiss the action on the ground, among others, of plaintiff's failure to comply with the 90-day notice. Compounding his default in compliance with the 90-day notice, plaintiff also defaulted on the dismissal motion, submitting no responsive papers. Plaintiff finally filed a note of issue on January 20, 1995. Faced with uncontroverted evidence of plaintiff's default in complying with the 90-day notice and, in addition, his unexcused default in responding to defendant's dismissal motion, Supreme Court issued a *sua sponte* order according plaintiff an additional 30 days within which to show a justifiable excuse for his default in compliance with the 90-day notice and to establish a meritorious cause of action (*see*, CPLR 3216 [e]).

Finally, on April 20, 1995, plaintiff produced a two-page attorneys affidavit. That instrument, constituting plaintiff's sole evidentiary showing on the issue of reasonable excuse for the delay in filing the note of issue, made absolutely no reference to any state of facts or circumstances existing during the 90-day period following service of defendant's CPLR 3216 notice. To the contrary, the affidavit merely apprised Supreme Court of the fact that in September and November 1993, plaintiff's counsel made inquiries concerning the status of discovery in the third-party action. Notably, no statement was made concerning the status of discovery in the third-party action during the critical 90-day period (or, for that matter, during the previous six months) or that plaintiff was in any way prevented from filing a note of issue. Nonetheless, concluding that plaintiff's evidentiary showing "sufficiently establish[ed] a justifiable excuse for the delay", Supreme Court denied defendant's dismissal motion. Defendant appeals.

In the absence of any justifiable excuse for plaintiff's failure to take appropriate action, i.e., file a note of issue or move to vacate the notice or to extend the period for compliance, within the requisite 90-day period, Supreme Court lacked discretion to excuse plaintiff's default (*see*, *Spierto v Pennisi*, 223 AD2d 537; *Anderson v Doten*, 187 AD2d 893). We are thus constrained to

reverse Supreme Court's order entered August 9, 1995 and grant defendant's motion to dismiss the complaint. We cannot subscribe to the dissenters' conclusion that plaintiff's "concern and uncertainty" over the status of discovery in the third-party action, expressed in the fall of 1993 and not thereafter, excused his failure to file a note of issue nearly one year later. Defendant's remaining contentions need not be considered.

White and Casey, JJ., concur.

Spain, J. (dissenting). We respectfully dissent. According to CPLR 3216 (e), Supreme Court has the discretionary power to dismiss an action for failure to file a note of issue upon the passage of 90 days from the date plaintiff was served with a written demand to serve and file a note of issue (*see, Athanasiou v Esposito*, 212 AD2d 878, 879, *lv denied* 85 NY2d 809). Such dismissal is not permitted, however, if plaintiff can demonstrate a "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]), especially in view of the "strong policy favoring disposition of actions on the merits" (*Przyjemski v Surowaniec*, 221 AD2d 326, 327).

We find no abuse or improvident exercise of discretion in Supreme Court's decision denying defendant s motion to dismiss the complaint (*see, Houck v Golub Corp.*, 217 AD2d 736; *Pastore v Golub Corp.*, 184 AD2d 827; *Salvaggio v California Packing Co.*, 12 AD2d 557). Plaintiff demonstrated both a justifiable excuse for the delay, *inter alia*, concern and uncertainty over whether discovery had been completed in the third-party action, and a meritorious cause of action, as set forth in the submitted transcript of plaintiff's examination before trial. These factors, together with the absence of any proof that defendant has been prejudiced by the delay in question, should lead us to affirm the order of Supreme Court (*see, General Acc. Fire & Life Assur. Corp. v North Am. Sys.*, 216 AD2d 725, 726-727).

Mikoll, J. P., concurs. Ordered that the appeal from order entered April 13, 1995 is dismissed, as academic. Ordered that the order entered August 9, 1995 is reversed, on the law, with costs, motion to dismiss the complaint for failure to prosecute granted and complaint dismissed.