■ JEFFREY S. SANTEE et al., Respondents, v MARK D. BORT et al., Defendants, and ROBERT DRAPER, Individually and Doing Business as CHARLIE'S TAVERN, Appellant. [677 NYS2d 858] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of Robert Draper, individually and doing business as Charlie's Tavern (defendant), to dismiss the complaint against him unconditionally pursuant to CPLR 3216. Plaintiffs presented proof that their failure to respond to defendant's 90-day demand in a timely manner resulted from their change of attorneys after the demand was served and not from an intention to abandon the action (see, General Acc. Fire & Life Assur. Corp. v North Am. Sys., 216 AD2d 725, 726). Plaintiffs also made a sufficient showing that they have "a good and meritorious cause of action" against defendant (CPLR 3216 [e]). Under the circumstances, the court properly exercised its discretion in allowing the action to proceed on condition that plaintiffs pay $1,000 to defendant's counsel (see, Lichter v State of New York, 198 AD2d 687, 688; see also, Baczkowski v Collins Constr. Co., 89 NY2d 499, 505). Contrary to defendant's contention, we conclude that the amount of the sanction is "substantial enough to serve as a deterrent to dilatory behavior in the future" (Lichter v State of New York, supra, at 688). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Dismiss Pleading.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.