■ LINDA J. BLACKMON, Respondent, v DAVID R. MEO, Appellant. [726 NYS2d 757] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 12, 2000 in Greene County, which denied defendant's motion to dismiss the complaint for failure to prosecute.

This personal injury action was commenced in February 1998 and issue was joined the following month. In May 1999, a scheduling order was entered requiring, *inter alia*, plaintiff to file a note of issue by February 1, 2000. In September 1999, despite the scheduling order, defendant served a 90-day demand pursuant to CPLR 3216 (b) (3) and, in April 2000 with no note of issue having been filed, moved to dismiss the complaint pursuant to CPLR 3216 (e). Plaintiff defaulted on the motion but filed a note of issue on May 4, 2000, the day before the return date set forth in the notice of motion. Finding that plaintiff had at least made an attempt to resume prosecution and that no prejudice had resulted to defendant, Supreme Court denied the motion. Defendant appeals.

In *Baczkowski v Collins Constr. Co.* (227 AD2d 789, *affd* 89 NY2d 499), this Court concluded that "[i]n the absence of any justifiable excuse for plaintiff's failure to take appropriate action, i.e., file a note of issue or move to vacate the notice or to extend the period for compliance, within the requisite 90-day period, Supreme Court lacked discretion to excuse plaintiff's default" (*id.*, at 790). In affirming, the Court of Appeals found

this rule "unnecessarily rigid" and explained that "[i]f plaintiff fails to demonstrate a justifiable excuse, the statute says the court 'may' dismiss the action—it does not say 'must' (*see,* CPLR 3216 [e])—*but this presupposes that plaintiff has tendered some excuse* in response to the motion in an attempt to satisfy the statutory threshold" (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 504 [emphasis supplied]). Inasmuch as a court's residual discretion to deny a CPLR 3216 (e) motion to dismiss is dependent upon, or "presupposes," a plaintiff's tender of some excuse, and inasmuch as plaintiff failed to tender any excuse in timely response to defendant's dismissal motion, Supreme Court should have granted the motion (*see, id.,* at 505; *Melius v Pletman,* 202 AD2d 880, *lv denied* 84 NY2d 903).

On appeal, plaintiff claims that the scheduling order, requiring the note of issue to be filed on February 1, 2000, "superceded" the 90-day demand served by defendant in September 1999 rendering the demand "ineffectual." Not only is such claim unsupported by either case law or the language of CPLR 3216, in light of plaintiff's failure to raise this issue before Supreme Court by reason of her default on the underlying motion, it is not properly before us on this appeal (*see, Cahill v Harter,* 277 AD2d 655; *Roel Partnership v Amwest Sur. Ins. Co.,* 258 AD2d 780). Moreover, having violated the scheduling order by filing the note of issue 93 days after the specified date, plaintiff cannot now use that order as a shield to avoid dismissal for failure to prosecute, particularly without a tender of an excuse for lack of compliance with the order.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.